Cook *vs.* The Board of Commissioners, etc., of Houston County.

---

JOHN R. COOK, plaintiff in error, *vs.* THE BOARD OF COMMISSIONERS, ETC., OF HOUSTON COUNTY, defendant in error.

1. Suits in behalf of a county may be brought by the ordinary, and if during their pendency, a board of commissioners be by law appointed for the county, the commissioners may, by amendment, be substituted in lieu of the ordinary.

2. It is in the discretion of the chancellor to allow an amendment to a sworn bill, proceeding in the name of the commissioners, to be verified by the affidavit of the solicitor of the complainant.

Cook *vs.* The Board of Commissioners, etc., of Houston County.

3. A bill for account and settlement was filed in behalf of the county against a former sheriff thereof, charging that he had for several years, whilst in office, received large amounts of money from the county treasurer on accounts made out by him for fees and services, which were illegal, false and frandulent; that he had charged costs accruing in civil cases in his bill for insolvent criminal costs; had charged for services never rendered and for expenses never incurred by him, and for divers matters and things for which the county was not liable; had made out accounts and received the money thereon twice for the same matters, and had charged for articles furnished the county more than the cost thereof, and for cost which had been paid by the parties to the cases in which they accrued; that he had collected fines and other money coming to the county, and never accounted therefor; that by fraud and misrepresentations he procured his accounts to be approved, but obtained no order for their payment, with one or two exceptions, and that no order of approval or payment was ever entered on the minutes of the court, as required by law; that payment for all these was procurred from the county treasurer by his being misled and deceived by the falsehood and misrepresentations of the sheriff, and that a large amount was received in payment of insolvent criminal costs out of the general county funds, when they were only payable from fines and forfeitures:

*Held*, that the bill was not demurrable either for want of equity, or because there was an adequate remedy at law.

4. Under the provisions of the Code allowing parties to take testimony as soon as the bill is filed, and making the second term after service is perfected the trial term for equity causes, and discovery in this case having been waived, it was not error for the chancellor to refer the cause to a master at the first term, especially where all the rights of the parties were reserved in the order of reference.

5. Where an injunction has been granted after a hearing of both parties, the refusal of the chancellor to dissolve the same on motion, without bringing forward new matter occurring subsequent to the first hearing, will not be reviewed by this court on a bill of exceptions sued out before the final determination of the cause.

County Matters. Ordinary. Amendment. Parties. Attorneys. Equity. Costs. Master. Practice in the Superior Court. Injunction. Practice in the Supreme Court. Before Judge HILL. Houston Superior Court. May Term, 1874.

This case is sufficienty reported in the above head-notes.

LYON & JACKSON; POE & HALL; WARREN & GRICE, for plaintiff in error.

LANIER & ANDERSON; SAMUEL D. KILLEN; H. M. HOLTZCLAW, for defendant.

TRIPPE, Judge.

1. Section 491 of the Code enacts that every county in the state may sue or be sued in any court. The next section provides that suits against a county must be against the ordinary, and declares how service may be effected. This is amended by the act of 1872, which says service may be made upon the commissioners of a county, where the fiscal affairs thereof are by law committed to such a board. In *Collins vs. Hudson et al.*, decided at the present term, it was held that suits against a county might be brought against the board of commissioners. In *Justices Inferior Court vs. Plank-road Company*, 9 *Georgia*, 475, the decision was that the justices were, by law, such agents of the county that they could maintain a suit in its behalf. The same reasons given for that judgment will sustain such a power in the ordinary, where there is no board of commissioners. If, pending a suit instituted by the ordinary, such a board of commissioners be appointed, they may be substituted by amendment in lieu of the ordinary; for the same grounds on which the right in the justices of the inferior court to institute suits for a county, rests, or which authorize the ordinary to maintain them, will apply to commissioners who have charge of the fiscal affairs of the county.

2. Under the provisions of the Code and the practice in this state, the matter of the verification of a bill, or an amendment to a sworn bill, is placed within the discretion of the chancellor. Section 3211 of the Code expressly recognizes that " the affidavit of a competent person" may be sufficient. In 1 Smith's Chancery Practice, 595, the rule is stated to be that the affidavit is usually made by plaintiffs or one of them, but may be sworn to by any person acquainted with the facts.

3. The jurisdiction of courts of equity over matters of account is very broad and extensive: See 1 Story's Eq. Jur., section 441 to 454; 13 Ves., 278. In this case there is not

only fraud charged against the defendant, but fraud in different forms and at different times. Also that he has received money collected at different times belonging to the county, thus charging him as trustee, and that he wrongfully obtained money from one fund when the claim could only be met out of another. In fact, it is charged that the liability of the officer arises in every way and manner almost that a sheriff could incur responsibility. The accounting will necessarily be intricate and complicated—so mixed with receipts and payments, debits and credits, that equity is a proper forum to adjust the balances, through a master.

4. It was objected that the court should not have referred the cause to a master at the first term. Under the old practice this might have been premature. But now an equity cause is in order for trial at the second term after service is perfected, and the parties may commence to take testimony as soon as the bill is filed: Code, sections 4205, 4199. The order of reference fully reserved all the rights of the parties as to amendments, the taking of testimony, continuances, etc., in fact as to all things respectively affecting their interests. We do not see any injury which can result from this reference to a master, when it was necessary in order to reach a final hearing at the second term after service.

5. It has several times been held, under the act of 1870, that after an injunction has been granted upon a hearing had after notice, a decision upon a motion to dissolve will not be reviewed by this court. How a case might be affected by the occurrence of new facts which did not exist at the time the injunction was granted, it is not necessary now to pronounce. Nothing of that sort is in this case, no new matter was brought forward to sustain the motion which was not known at the first hearing.

Judgment affirmed.