O'NEILL MANUFACTURING COMPANY *v.* WOODLEY *et al.*

FISH, P. J. As there was evidence from which the judge could find that petitioner had no lien on the property in question, by reason of the fact that the mortgagor did not owe the debt for which the mortgage was given, and consequently that petitioner had no valid set-off against the judgment sought to be enjoined, the case falls within the familiar rule, that, where on the appli-

cation for an injunction the parties are at issue as to the facts involved, the judge has a discretion to grant or refuse the injunction, and the Supreme Court will not control such discretion.

*Judgment affirmed. All the Justices concur.*

Argued October 6, — Decided October 30, 1903.

Petition for injunction. Before Judge Henry. Floyd superior court. July 14, 1903.

An execution from a judgment for damages, recovered by Woodley against the O'Neill Manufacturing Company in an action of trover for certain mules, was levied on property of the defendant, after the Supreme Court had affirmed the judgment refusing a new trial in that case (118 *Ga.* 114) ; and the defendant sought an injunction against the enforcement of the execution, alleging that Woodley was insolvent and a non-resident, and that he and Clark Brothers had colluded to defeat the lien of the petitioner's mortgage from Clark Brothers on the mules, and had defeated it, by moving the mules to the State of Alabama, and thus damaged the petitioner in a sum stated, for which judgment was prayed. A temporary restraining order was granted on condition that the amount of the execution be paid to the clerk of the court, to be by him impounded ; and this was done. The defendants answered, denying the material allegations of the petition. The evidence was conflicting. There was evidence, on the part of the defendants, that Clark Brothers did not owe the alleged debt for which the mortgage was given. The court refused to grant an injunction, and the petitioner excepted.

*Denny & Harris*, for plaintiff.
*Griffith & Weatherly* and *C. E. Carpenter*, for defendants.