WILSON *et al. v.* TRUSTEES OF UNION THEOLOGICAL
SEMINARY IN VIRGINIA.

No. 11194.   February 20, 1936.

*Samuel A. Massell* and *Spence & Spence,* for plaintiff.

*McElreath & Scott,* for defendant.

Bell, Justice.   This was a suit by the grantor in a security deed, to enjoin the grantee from exercising a power of sale contained in such deed.   On August 6, 1935, the judge refused an interlocutory injunction, but ordered that the sale, if made, should be subject to confirmation by the court.   After the property was sold in accordance with the order, the plaintiff filed an amendment to the original petition, objecting to confirmation upon the alleged ground that, pending the cause, the parties had made an agreement as to readjusting and extending the loan, which the defendant failed and refused to execute.   The defendant demurred to this amendment, and filed an answer, denying the allegations in regard to the new agreement.   On October 10, 1935, after hearing evidence consisting only of the verified pleadings of both parties, and after considering the defendant's demurrer but without ruling thereon, the judge passed an order confirming the sale as made and reported.   The plaintiff tendered a bill of exceptions on November 4, 1935, in which the judgment was assigned as error on the grounds that it was contrary to law, and that the petition as amended stated a cause of action and was sustained by proof, and that the objections to confirmation were valid and should have been sustained.

In the brief for the plaintiff in error it was argued that the order of confirmation was premature, in that it was passed at the first term.   This was an equity case, and any phase of it could be tried at the first term by consent.   The plaintiff having entered upon the trial of the issue of confirmation at the first term, without any objection relating to the time of trial, her consent to a trial at

such term was implied. It follows that even if the court should otherwise have deferred action until the second term, there is, in view of the implied consent, no merit in the contention that the judgment was premature as to term. Code of 1933, § 37-1102; *Cook* v. *Board of Commissioners,* 54 *Ga.* 163 (4) ; *Kennedy* v. *Redwine,* 59 *Ga.* 327 (2) ; *Georgia Railroad &c. Co.* v. *Pendleton,* 87 *Ga.* 751 (13 S. E. 822) ; *Latimer* v. *Irish-American Bank,* 119 *Ga.* 887 (47 S. E. 322).

■ The bill of exceptions was not tendered in sufficient time to raise any question of error in the judgment of August 6, 1935, refusing an interlocutory injunction and allowing the sale to proceed subject to confirmation by the court. Code of 1933, §§ 6-903, 6-905.

■ Since the plaintiff's allegations in regard to the new agreement were denied in the answer filed by the defendant, and no other evidence was introduced, there was presented an issue of fact as to whether the parties had really entered into such agreement, as alleged. In view of the conflicting evidence, the judge did not abuse his discretion in granting the order of confirmation. Code of 1933, § 37-1206; *O'Neill Manufacturing Co.* v. *Woodley,* 118 *Ga.* 854 (45 S. E. 684) ; *Mathews* v. *Taylor County,* 129 *Ga.* 630 (59 S. E. 273) ; *Hall* v. *Taylor,* 133 *Ga.* 606 (66 S. E. 478). Since the court did not rule on the demurrer, and the existence of the agreement was a matter of dispute under the evidence, the legal sufficiency of the plaintiff's objection to confirmation, as based on such alleged agreement, need not be decided.

*Judgment affirmed. All the Justices concur.*