27889. JOLLEY *et al. v.* SLOAN, executor.

DECIDED FEBRUARY 23, 1940.

*Rosser & Shaw, F. M. Gleason,* for plaintiffs in error.
*McClure & McClure,* contra.

FELTON, J. Nevins S. Sloan, as executor of the will of his mother, sued O. C. Jolley and his wife, Mrs. Willie Mae Jolley, on

certain promissory notes, in Walker superior court. The preliminary paragraph in the petition referred to the mother as "late of Hamilton County, Tennessee, deceased." A copy of the plaintiff's letters testamentary was attached to the petition, and a copy was introduced in evidence under the certificate required by the act of Congress as prerequisite to the authentication of foreign records. There was no objection made at the trial that a certified copy of the proceedings incident to the probate of the will of the deceased was not filed with the clerk of the superior court of Walker County. The defendants sought to recoup a large sum from the plaintiff executor, and prayed judgment against him. The plaintiff prevailed at the trial and the defendants excepted to the overruling of the motion for new trial.

The only question raised is whether the filing of a certified copy of the proceedings incident to the probate of the will of the deceased Mrs. Sloan was essential to the validity of the verdict and judgment in this case. Construing Code, §§ 113-2401, 113-2402, 113-2403, in the light of the acts of the General Assembly from which they are codified, the certified copy of the letters testamentary is all that is required. These sections are as follows: "113-2401. Right to sue in this State and to recover property. When a person at the time of his death is domiciled in another State, and administration is there regularly granted on his estate either to an executor or an administrator, such executor or administrator, if none is appointed in this State, may sue in any court in this State to enforce any right of action, or recover any property belonging to the deceased, or accruing to his representative as such." "113-2402. Right to use processes and remedies prescribed by law. Executors qualified according to the law of their domicile, upon wills properly admitted to probate in another State, upon filing with the court a certified copy of such proceedings, shall be entitled to use all the processes and remedies prescribed by the laws of this State, in the same manner as if qualified under the laws of this State; if not filed before suit brought, the court may allow such certified copy to be filed afterwards on such terms as it may prescribe." "113-2403. Exemplification of letters testamentary or of administration, filing as part of record. Pending the action, a properly authenticated exemplification of the letters testamentary or of administration shall be filed with the clerk of the court, to be-

come a part of the record: Provided, the cause is pending in a court of record. If it be a summary proceeding, the exemplification shall be filed with the papers."

The act of 1850 is as follows: "Be it enacted, that from and after the passage of this act, it shall and may be lawful for any administrator or administrators, and administratrix, or any executor or executors, and executrix, or guardian, of any deceased person or persons who may have departed this life in another State, and a citizen or citizens of such other State, at the time of their decease, owning at said time any judgments, bonds, mortgages and other specialties, and promissory notes, bills of exchange, and other evidences of debt, and any other cause of action against citizens of this State, to institute suit in his, her or their name, for the recovery of the same, in any of the courts of this State, which by law have jurisdiction of the subject-matter: *Provided,* said legal representatives shall on or before the judgment term of the court to which such suit or suits are brought, file in said court a legally authenticated exemplification of his, her or their letters of administration, or letters testamentary, or letters of guardianship, according to law, to be used on the trial.

"Sec. II. Said plaintiffs, his, her or their agent or attorney at law, may use any of the common-law or statutory means or remedies now in force in this State, by complying with the distinct provisions of said laws, as other plaintiffs." Acts of 1850, Cobb 341.

The act of 1860 (Ga. L. 1860, p. 32) is as follows: "That from and after the passage of this act, it shall be lawful for any administrator or administratrix, and for any executor or executrix of any deceased person, who, at the time of his or her death, was a citizen of any other State, to sue on any cause of action, whether the same arose before or after the death of such person, in the same manner as administrators and executors who have been appointed in this State, can do, and to give them the same right and privileges; *provided,* said legal representatives shall, before any judgment shall be rendered in their favor on any verdict or confession of judgment, file in the court in which such action may be pending, a legal, authenticated exemplification of his, her or their letters of administration, or letters testamentary."

The introduction of the certified and duly authenticated letters testamentary in evidence in the case, in the absence of objection,

750

meets the requirements of the law. The condition of the filing is a condition subsequent which is waived by failure to object at the trial (*Stewart* v. *Fisher*, 18 *Ga. App.* 519, 89 S. E. 1052), and the filing of the letters may be permitted on the trial upon such terms as the court may direct. The introduction of a copy of the letters testamentary showing that the deceased was a nonresident of Georgia was prima facie evidence that the deceased died without this State. In *Southwestern R. Co.* v. *Paulk*, 24 *Ga.* 356 (7), the petition showed on its face that the deceased died in Taylor County, Georgia, a fact which clearly distinguishes that case. The fact that the executor possesses the evidences of debt sued on is prima facie evidence of his right to sue, and of the absence of his assent to a legacy involving them. It would seem that if the executor did not have the right to sue, or if the debt had been canceled by the will, such matters would have to be pleaded in defense just as a defense of payment would have to be pleaded. If the defendants did not otherwise waive the right of the foreign executor to sue, they did so by seeking a judgment against him by reasons of transactions growing out of the obligations sued on. In these views we hold that the court was authorized to render the judgment, and committed no error in denying the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*