## 35821. TINGLE *v.* ATLANTA FEDERAL SAVINGS & LOAN ASSOCIATION.

DECIDED JANUARY 19, 1956—REHEARING DENIED FEBRUARY 16, 1956.

**394**

*Haas, Holland & Blackshear*, for plaintiff in error.

*Johnson, Hatcher & Meyerson*, contra.

FELTON, C. J. This case was transferred to this court by the Supreme Court. *Tingle* v. *Atlanta Federal Savings & Loan Assn.*, 211 *Ga.* 636 (87 S. E. 2d 841). When this case was before the Supreme Court the plaintiff in error stated that the reason why the Supreme Court had jurisdiction was that the case involved the title to land. In transferring the case the Supreme Court expressly decided that title to land was not involved and inferentially decided that no equity was involved.

1. For the purpose of a decision of this case we are going to assume for the sake of argument, without deciding, three things: (1) that Code (Ann.) § 37-608 gives the authority to a judge of the superior court to declare such a sale as we have here to be absolutely void rather than merely to order another sale because of an irregularity; (2) that the defendant here can urge the invalidity of the sale on the ground of a third party's petition in the bankruptcy court; and (3) that 11 U. S. C. A. § 828, which provides that such a petition as we have here shall operate "as a stay of any act or proceeding to enforce any lien upon the real property or chattel real of a debtor" includes title to secure debt. It would also seem that the Bankruptcy Act, upon the filing of a *proper* petition in the nature of the one in this case, would have exclusive jurisdiction of property in which the petitioner had an equitable interest. 11 U. S. C. A. § 806 (6). The petitioner in this case had an equitable interest, having purchased the property subject to a security deed. The defendant in error's contention

that Ingle had no equitable interest entitling him to file such a petition is without merit. The contention is that Ingle had only a right to redeem by paying the debt. Such is not the case. The law with reference to a right of redemption refers to the right to redeem under a sale made before the filing of the petition and in this case there was no such sale. The sale was made after a petition was filed.

At the time of the sale under power in this case the petition filed by Ingle was imperfect and incomplete. It is our opinion that even though it was incomplete it was sufficient to constitute a kind of lis pendens and to give the bankruptcy court full jurisdiction of the property involved here from the date of the filing of the petition if it was perfected within the ten days which the court might have allowed for such completion. However, the petition filed by Ingle was never perfected so far as the record shows even as late as February following the sale under power. The certificate of the clerk of the court shows that the petition had not been perfected on February 17, 1955. In such a case we do not think the filing of such a petition had the effect of rendering the sale under power void. It is true that the plaintiff herein made the sale at its risk but it had a right to do so if knowledge of such a petition filed in the bankruptcy court did not adversely affect the bidding at the sale. In this case there is no allegation that the reading of the notice of the filing of the bankruptcy petition chilled the bidding or adversely affected the sale in any way. If there had been such an allegation and evidence supporting it, the confirmation of the sale would have been improper. Since the petition in bankruptcy was not perfected as required by law, its pendency did not ripen into a proceeding which put the title to the property in the bankruptcy court.

There is another reason why the filing of the bankruptcy petition by Ingle did not stay the proceeding to sell under power in the deed to secure debt. 11 U. S. C. A. § 828 provides: "Unless and until otherwise ordered by the court, upon hearing and after notice to the debtor and all other parties in interest, the filing of a petition under this chapter shall operate as a stay of any act or proceeding to enforce any lien upon the real property or chattel real of a debtor." There is no evidence in this case that any hearing was held on the bankruptcy petition or that any official

notice to interested parties was given by the bankruptcy court or at its direction. It therefore follows that, since the legal prerequisites to the petition's operation as a stay are lacking, the mere filing of the petition, even if it had been a full and complete one, would not have and did not operate as a stay as contended by the plaintiff in error.

2. The evidence on the question of the value of the property at the time of the sale was conflicting and the judge was authorized to find that the amount it sold for represented its value at the time. Mrs. Mansfield swore that she was the former owner of the property, was familiar with its condition and that her bid was its present value.

The judge did not err in confirming the sale.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*