43316. DOCKERY et al. v. PARKS, Administrator.

ARGUED JANUARY 8, 1968—DECIDED APRIL 3, 1968.

*Pittman & Kinney, Sam F. Little,* for appellants.

*John E. Wiggins,* for appellee.

FELTON, Chief Judge. This is an appeal in an action to confirm the sale of land under a power of sale pursuant to *Code Ann.* § 37-608 (Ga. L. 1935, p. 381). The Supreme Court, in *Tingle v. Atlanta Federal Sav. &c. Assn.,* 211 Ga. 636 (87 SE2d 841), conformed to by this court, 93 Ga. App. 393 (91 SE2d 804), held that the Court of Appeals, rather than the Supreme Court, has jurisdiction of such appeals. This decision must yield, however, to the older case of *Wilson v. Trustees of Union Theological Seminary,* 181 Ga. 755 (3) (184 SE 290), in which the Supreme Court took jurisdiction of just such an appeal, holding, in Division (1), that it was an equity case. Although the original suit there sought an injunction against the exercise of the power of sale, that was eliminated as a basis of equitable jurisdiction by the unappealed-from judgment of the trial court refusing an interlocutory injunction. Nor do the facts—that the trial court ordered the sale, if made, to be subject to its confirmation and that the Supreme Court cited, as the authority for the trial court's granting of the order of confirmation, the statutory provision for the confirmation of sales under *decree (Code* of 1933, § 37-1206)—necessarily demand the conclusion that the Supreme Court assumed jurisdiction solely on the theory that the sale became one under decree merely because of the trial court's order requiring confirmation. The sale itself was made, not pursuant to a decree, but pursuant to the power of sale contained in the security deed.

Even if the basis of the appellate jurisdiction be as last stated hereinabove, however, the *Tingle* case, supra, is contrary to statutory law, in which case the statute must control. *Huguley v. Huguley,* 204 Ga. 692 (51 SE2d 445) ; *Stevens v. Wright Contr. Co.,* 92 Ga. App. 373, 383 (88 SE2d 511) ; *Stein Steel & Supply Co. v. Tate,* 94 Ga. App. 517 (1) (95 SE2d 437). The Code of

1933, which has been adopted by our legislature as our official code, provides, in § 37-601, as follows: "Powers,. especially of appointment, being always founded on trust or confidence, are peculiarly subjects of equitable supervision." The term "powers" is not restricted, the qualifying phrase being "especially . . .", not "exclusively" or any other similar word. Code of 1933, § 37-606, provides: "In all cases where no discretion shall be allowed, *or the discretion allowed shall be abused,* equity may compel a faithful execution of the power." (Emphasis supplied.) Furthermore, Ga. L. 1935, p. 381 (*Code Ann.* § 37-608), under which statute the present proceeding was brought, was placed in the annotated code under the title, "Equity," under "Part II, Grounds For the Objects of Equitable Relief," and under Chapter 37-6 thereof, "Execution of Powers," together with other specified powers. While the categorization of statutes in the unofficial, annotated code is not, of course, binding on the courts, as it would be where done by enactment of the General Assembly, it nevertheless serves to corroborate our conclusion that the proceeding is a matter of equitable jurisdiction. We cannot comprehend a basis on which it can be said that the Act of 1935, supra, intended to give a law court jurisdiction of a case confirming a sale of real property under a power of sale.

*Transferred to the Supreme Court. Bell, P. J., Jordan, P. J., Hall, Eberhardt and Quillian, JJ., concur. Pannell, Deen and Whitman, JJ., dissent.*

WHITMAN, Judge, dissenting. I dissent from the majority opinion in this case. I regard the case of *Tingle v. Atlanta Federal Sav. &c. Assn.,* 211 Ga. 636 (87 SE2d 841), conformed to by this court, 93 Ga. App. 393 (91 SE2d 804), as controlling, and that this court rather than the Supreme Court has jurisdiction of the appeal on the merits, including the overruling of appellants' plea in abatement.

The case of *Wilson v. Trustees of Union Theological Seminary,* 181 Ga. 755 (3) (184 SE 290), is not regarded as contrary to or conflicting with the case of *Tingle.* The case of *Wilson* as originally brought was an equitable petition to enjoin the exercise of a power of sale contained in a security deed and on the interlocutory hearing an injunction was refused and it was ordered

that the proposed sale, if made, should be subject to confirmation by the court. After the sale the plaintiff filed an amendment objecting to the confirmation of the sale on the ground of an alleged agreement as to readjusting and extending the debt. While it is stated in the opinion in that case that "this was an equity case," the question involved as to confirmation of the sale had to do only with the term of court at which the confirmation order was had, and the Supreme Court also passed on the question of the refusal of the interlocutory injunction by the lower court, in that connection holding that the bill of exceptions as to the refusal of the interlocutory injunction and allowing the sale to proceed subject to the confirmation of the court was tendered too late to raise that question. The *Wilson* case did not involve the question of jurisdiction as between the Supreme Court and the Court of Appeals in relation to confirmation of the sale.

*Code* §§ 37-601 and 37-606 appear to relate to powers of appointment and similar powers founded on trust or confidence and not to powers of sale in security deeds dealt with in *Code Ann.* § 37-607.

I am authorized to state that Judges Pannell and Deen concur in this dissent.