### 24660.  DOCKERY et al. v. PARKS, Administrator.

SUBMITTED MAY 14, 1968—DECIDED MAY 23, 1968.

*Pittman & Kinney, Sam F. Little,* for appellants.
*John E. Wiggins,* for appellee.

MOBLEY, Justice. This is an appeal from an order confirming a sale of real estate under power of sale in a deed to secure debt, pursuant to Ga. L. 1935, p. 381 (*Code Ann.* § 37-608). The appeal was directed to the Court of Appeals and that court has transferred it to this court, the majority opinion of the Court of Appeals stating that the case is an equitable one. *Dockery v. Parks,* 117 Ga. App. 589 (161 SE2d 406).

The Court of Appeals cited *Tingle v. Atlanta Fed. &c. Assn.,* 211 Ga. 636 (87 SE2d 841), in which this court transferred a similar case to the Court of Appeals, but held that the *Tingle* decision must yield to the older case of *Wilson v. Trustees of Union &c. Seminary,* 181 Ga. 755 (3) (184 SE 290), which this court denominated an equitable case. The confirmation involved in that case was treated as an equitable confirmation under *Code* § 37-1206, the opinion stating: "In view of the conflicting evidence, the judge did not abuse his discretion in granting the order of confirmation. Code of 1933, § 37-1206; . . ." *Code* § 37-1206 provides: "Sales under decrees in equity shall be subject to confirmation by the judge, who has a large discretion vested in him in reference thereto. Such sales shall not be consummated until confirmed by him."

In the majority opinion of the Court of Appeals transferring the present case to this court it is stated that *Tingle v. Atlanta Fed. &c. Assn.,* 211 Ga. 636, supra, is contrary to statutory law. The statute involved in that case (Ga. L. 1935, p. 381), which was placed in the unofficial Annotated Code as § 37-608 under the Title "Equity," requires the confirmation of a sale of real estate under powers contained in security deeds, mortgages, or other lien contracts, before a deficiency judgment can be obtained. This statute does not state that the confirmation provided therein is an equitable proceeding, and we hold that it is not. In the *Tingle* case the only specific ruling made was that the case was not one respecting title to land, but the inferential

ruling was necessarily made that it was not an equity case, since it was held that the case was not within the jurisdiction of the Supreme Court, but within the jurisdiction of the Court of Appeals. Under this unanimous decision, the present appeal must be *Returned to the Court of Appeals.* *All the Justices concur.*