43824. DOCKERY et al. v. PARKS, Administrator.

SUBMITTED SEPTEMBER 3, 1968—DECIDED JANUARY 8, 1969.

*Pittman & Kinney, Sam F. Little,* for appellants.
*John E. Wiggins,* for appellee.

FELTON, Chief Judge. ■ The court did not err in overruling the plea in abatement. *Code* § 113-2403 provides: "Pending the action, a properly authenticated exemplification of the letters testamentary or of administration shall be filed with the clerk of the court, to become a part of the record: Provided, the cause is pending in a court of record. If it be a summary proceeding, the exemplification shall be filed with the papers." The intent of this section is to require the filing with the papers, of the authenticated authority to act as administrator with *summary* proceedings. The reason for this is that in summary proceedings process and final judgment issue without a hearing or trial and authority to act by the representation must appear. Where the proceeding is not summary it suffices if the authority to act is filed with the clerk pending the action, in which case the opposite party has an opportunity to contest the validity of the authority of the plaintiff to bring the action. The court did not err in overruling the plea in abatement, since, pending the action, the authenticated authority was filed with the clerk of the court.

■ It is urged that the confirmation of the sale was illegal because there was no evidence that the appellee was the administrator of the estate of a nonresident. We think that the ruling in *Jolley v. Sloan,* 61 Ga. App. 747 (7 SE2d 325) controls on this question. The grant of general letters of administration by a court of another state is prima facie evidence that the deceased died a resident of the other state.

■ The contention that there was no evidence that the property sold under the power of sale was the same property which was sold by the appellee is without merit.

■ The finding of the court was within the estimate of witnesses as to the market value of the land. The fact that the successful bidder at the sale made testified that he would be willing to pay $350 more for the property than he bid on it does not conclusively show that the property did not bring its market value.

The court did not err in rendering any of the judgments appealed from.

*Judgment affirmed. Eberhardt and Whitman, JJ., concur.*

■ This case was transferred by this court to the Supreme Court. *Dockery v. Parks,* 117 Ga. App. 589 (161 SE2d 406). It is not my purpose to involve myself in an unseemly controversy as to which court was right in the cases involving the transfer of this case back and forth. I, speaking for myself alone, however, think that it is my duty to alert the General Assembly and the Bar as to the importance to litigants of the question of what is the correct law on this question. As I have always been taught to believe, the confirmation of the exercise of a power of sale has always been of an equitable nature and decreed by the court of equity. (See opinion transferring the case to the Supreme Court.) The transfer of this case back to this court raises substantial questions to be confronted by those having similar questions. (1) Does the fact that one seeks confirmation of a sale under power raise a conclusive presumption that he is proceeding under Ga. L. 1935, p. 381 (*Code Ann.* § 37-608) insofar as jurisdiction is concerned and not simply the laying of a foundation for a deficiency judgment? The trial court and the Supreme Court stated that the party here acted pursuant to the above law. It also held that this law does not state that the confirmation provided therein is an equitable proceeding, and this is correct, but the court went on to say that it is not an equitable confirmation that is required. The question really is whether the General Assembly intended not to specifically provide any kind of confirmation and intended that existing law as to procurement of orders of confirmation should govern, as the amendment simply required confirmation before a deficiency judgment could be obtained. If this was the legislative intent, amendment to the above Act may be desirable to avoid misunderstanding and con-

fusion. If the Supreme Court is right, further amendment may be necessary to provide what law courts have jurisdiction to confirm sales under power (heretofore purely left to courts of equity) and what procedure should be followed and whether a jury is required. The last observation is a query as to the binding authority of a mere physical precedent where a ruling was made in *Tingle v. Atlanta Fed. Sav. &c. Assn.*, 211 Ga. 636, by an oversight and where no adjudication on the merits of the overlooked question was made.