WILLIAMS *vs.* THE STATE OF GEORGIA.

The gist of the offense of bastardy is the refusal of the putative father to give bond for the support of the child. A prosecution for bastardy is a species of protective measure to prevent counties becoming chargeable with pauper bastards. Therefore, the county to which the bastard is likely to become chargeable has jurisdiction of a bastardy case, and not the county in which the child was begotten or born.

Criminal Law. Jurisdiction. Before Judge SNEAD, McDuffie Superior Court. March Term, 1881.

Reported in the decision.

THOS. E. WATSON; HARRISON & PEEPLES, for plaintiff in error.

BOYKIN WRIGHT, solicitor general, by F. L. HARALSON, for defendant.

SPEER, Justice.

On the 30th September, 1880, Mamie Williams made affidavit before W. C. Morrell, a justice of the peace of McDuffie county, charging the defendant in error with

being the father of her bastard child, born on the 26th April, 1880, and that said child was likely to become chargeable to Taliaferro county. A warrant was issued on said affidavit, the defendant was arrested and he was recognized to appear at the county court of McDuffie county. Said county court, on his refusal (after a hearing) to give bond for the support of said child, required him to give bond and security for his appearance at the next term of the superior court of McDuffie county. At said term an indictment was had against defendant charging him with " being the father of the bastard child, which was begotten in McDuffie county, but born in Taliaferro county; and the said child was then and there living, and of the age of five months, and it was probable would become chargeable to the county of Taliaferro, and defendant refused and failed to give bond and .security for the maintenance and education of such child, (he the defendant being then and there in the county of McDuffie) in terms of the law."

The defendant on being arraigned, pleaded to the jurisdiction of the court, alleging that the charge as set forth gave jurisdiction to the county of Taliaferro, which plea on demurrer was disallowed by the court, and defendant excepted.

Under the evidence and charge of the court the defendant was found guilty, whereupon he made a motion for a new trial, which was overruled by the court, and defendant excepted.

Under our view of the case, we do not consider it necessary to notice the other grounds of alleged error set forth in the record, save the question of jurisdiction raised by the plea of defendant. The indictment charged that the child was begotten in McDuffie, born in Taliaferro, and was likely to become chargeable to the. county of Taliaferro. The indictment was found and trial had in McDuffie county. In an indictment for bastardy the gist of the offence is the refusal or failure on the part of the alleged father to give the bond and security to support the child

sworn to be his. 58 *Ga.*, 197. In the case of *Davis vs. The State*, 58 *Ga.*, 171, Davis was indicted for the offence of bastardy, in the county of Webster, charged with being the father of two bastard children, one born and the other to be born, the one already and the other likely to become chargeable to the county of Webster. The evidence shows that one of the children was begotten in Webster county and born in Terrell, and the other child was begotten in Terrell county and born in Webster county. The court said, "The question in the case was not *where* the children were begotten nor *where* they were born; but the question was, were the children born and likely to become *chargeable to Webster county?* Was the defendant the father of them, and did he fail or refuse to give the bond and security when required in terms of the law, for their maintenance and support in the county of Webster?"

So in this case, it does not matter where the child was begotten or born, but in what county was it likely to become chargeable as a bastard? *This* is the county to protect by the indictment and trial of the offender. The great object of such an indictment is to protect the county from the support and maintenance of a pauper bastard, or one who is likely to become chargeable as such. The object sought, primarily, is not to punish the offender so much as it is to provide for such a child that is or may become chargeable. This is sought to be done by indictment when the father refuses. Where should this indictment be had? In the county sought to be protected, and where the burthen is likely to fall. Each county under the law is to provide for its poor, and this is one mode of providing for this class of its poor—by compelling the father to do so. On a conviction had for this offence, the law provides "that the fine shall be paid over to the ordinary of the county, to be by him improved and applied from time to time as occasion may require, for the maintenance and education of such child or children." Our conclusion then is, the indictment and trial must be had in the county where the child is likely to become chargeable, and that

an indictment cannot be maintained, filed in one county that alleges the bastard is likely to become chargeable in another county.

By what authority does the county of McDuffie assume to protect the county of Taliaferro from the expense of a bastard likely to become chargeable to the latter county? Why should the county of McDuffie be taxed with the costs and expenses of a prosecution which is to enure solely to the benefit of Taliaferro county? Such an interference with the regulations of another county, and such assumed guardianship of its interest, if not deemed to be officious, we must hold to be at least unwarranted in law.

We think, therefore, the court erred in not sustaining the plea filed to the jurisdiction, and as a consequence erred in not granting a new trial on this ground.

Let the judgment of the court below be reversed.