## LINDSAY *v.* THE STATE.

1. Where jurors on their voir dire had so answered the statutory questions as to prima facie qualify themselves as such, the court did not err in refusing to allow counsel for the accused to make further examination of the jurors.

2. On the trial of one charged with murder, counsel for the accused consumed two hours time in the argument of the case to the jury, and, being reminded by the court that his time had expired, requested additional time to complete his argument, stating that it would "require considerable time" to do so. The court granted an additional half-hour, at the expiration of which counsel requested still further time, which the court refused to allow. No request was made by counsel for additional time before beginning his argument, as required by rule 5 of the superior court. *Held,* that such refusal was not in violation of art. 1, sec. 1, par. 4, of the constitution of this State, which declares that "No person shall be deprived of the right to prosecute or defend his cause, in any of the courts of this State, in person, by attorney, or both."

3. The court did not err in refusing any of the written requests to charge the jury, for the reasons set out in the third division of the opinion.

4. On the trial of one charged with murder, it is not error for the court to refuse to require a lawyer employed to prosecute the accused and conduct the case for the State to be specially sworn.

5. Where, on the trial of one charged with murder, the evidence makes out a prima facie case for the admission of a confession, it is not error to allow a witness for the State to testify that the defendant said to the witness, shortly after the homicide, that he had killed the brother of the deceased for "nothing."

6. The failure of the court to instruct the jury as to the weight of confessions as evidence is not error, in the absence of a timely written

request that such charge be given. Particularly is this true when the evidence other than that as to the confession is sufficient to warrant a conviction.

7. Where evidence offered on the trial of a case was objected to as irrelevant and immaterial, and, on statement of counsel that he "would connect it up" with other evidence so as to make it admissible, the court said, "Unless you do it, it will be ruled out," but no motion was made later to rule it out, it was not error for the court to fail to exclude the testimony later of his own motion, on failure of counsel to "connect up" the testimony as promised.

8. There was no abuse of discretion in refusing to allow counsel for the defendant, over objection, to examine the accused after he had made his statement not under oath, although he had submitted to examination by the State's counsel.

9. Grounds of a motion for a new trial not approved by the court will not be considered.

10. The court did not err in refusing to allow counsel to offer in evidence the body of the accused to prove his height and size.

11. The overruling of a demurrer to an indictment is not a ground of a motion for a new trial. In such a case direct exceptions to the ruling complained of should be filed, if a review of it is to be had by this court.

12. The evidence amply supports the verdict.

NOVEMBER 13, 1912.

Indictment for murder. Before Judge Conyers. Glynn superior court. July 27, 1912.

*Francis H. Harris*, for plaintiff in error. *Thomas S. Felder, attorney-general*, and *Joseph H. Thomas, solicitor-general*, contra.

HILL, J. 1. The assignments of error in grounds 4 to 12, inclusive, of the amendment to the motion for a new trial are that the court sustained the objection of the solicitor-general to certain questions propounded to the jurors on their voir dire by counsel for the defendant, and refused to allow the questions asked and answered. None of these were the statutory questions. The questions varied somewhat in substance, and we quote, by way of illustration, two of those propounded, which were as follows: "If taken upon this jury to try this case, will you be governed by the rule of law that the State must prove the charge against the defendant to a moral and reasonable certainty and beyond a reasonable doubt?" "If taken upon the jury to try the case, will you carefully and patiently listen to the argument of defendant's attorney, in the presentation of the defendant's case, and his theory thereof, notwithstanding the length of said argument?" The court did not err in sustaining the objection of the State to any of

the questions propounded to the jurors, and in refusing to allow them answered. The Penal Code, § 1004, declares: "When a juror has been found competent as aforesaid, no other or further investigation before triors, or otherwise, shall be had, unless upon newly discovered evidence to disprove his answer, or to show him incompetent as aforesaid, which may be heard by the judge at any time before any of the evidence on the main issue is submitted; and if the juror is proved incompetent, the judge may order him withdrawn from the jury and cause another selected in the same manner as is above pointed out." And in the case of *Carter* v. *State,* 56 *Ga.* 463 (3), it was held: "Under the present practice of trying the competency of jurors, only the statutory questions can be asked in the first instance. After the juror is pronounced prima facie competent, then evidence may be introduced showing his incompetency. After the introduction of such testimony it is within the province of the court to examine the juror further." See also *Woolfolk* v. *State,* 85 *Ga.* 69 (9-a), 93 (11 S. E. 814).

2. Complaint is made that when counsel for the defendant was making his argument to the jury, the court stopped counsel, stating that he had exhausted his time. Whereupon the latter stated to the court that he had not completed his argument, and that it would "require considerable time" for him to do so. The court granted an additional half-hour. Counsel continued his argument until the half-hour had expired, and sat down. It does not appear from the record that counsel for the defendant asked for additional time at the beginning of the argument to the jury, or stated, when the request was finally preferred, the additional amount of time that was required. It is insisted by counsel for the plaintiff in error that the ruling of the court limiting his argument in a murder case was contrary to the constitutional rights of the plaintiff in error, as declared in art. 1, sec. 1, par. 4, of the constitution of Georgia (Civil Code, § 6360), which declares that "No person shall be deprived of the right to prosecute or defend his cause, in any of the courts of this State, in person, by attorney, or both;" and that the ruling of the court in limiting the time of the argument of defendant's counsel was tantamount to depriving him of his constitutional right. To this contention, under the facts of this case, we can not agree. Counsel did not apply to the court, before the argument of the case began, for time additional to that pro-

vided by the rule of the superior court as embodied in the Civil Code, § 6264. He consumed in argument his entire time of two hours allowed by the rule, and, at the expiration of the two hours, asked for an extension of time, which was granted to the extent of half an hour additional. The witnesses to the material points in the case were very few, and we can not say that the court abused its discretion in not allowing counsel to extend his argument beyond the two hours and a half allowed him; nor was such action on the part of the court a denial to the defendant of any right he has under art. 1, sec. 1, par. 4, of the constitution of the State.

3. Error is assigned upon the refusal by the court of numerous written requests to charge the jury. They are embraced in the grounds 14 to 24, inclusive, of the amended motion for a new trial. We have examined each one of these requests with a great deal of care, and also the charge of the court in connection therewith. In so far as the requests were legal and pertinent, they were fully and fairly covered by the instructions given to the jury in the general charge. We desire to call attention to but one specific request to charge, as contained in the 18th ground of the motion, which was refused by the court, and which is as follows: "Under the law of self-defense, a man may kill another in order to save his own life, or to save himself from grievous bodily harm being inflicted upon him by the deceased." This request does not state the law correctly as applicable to a case of this kind; and it is not error for a court to refuse a request to charge the jury, unless the request is pertinent and legal. *Thompson* v. *State*, 55 *. Ga.* 50. The theory of the defense in this case was that the homicide was justifiable under the facts of the case. By the law of justifiable homicide one is excusable in taking the life of a human being "in self-defense, or in defense of habitation, property, or person, against one who manifestly intends or endeavors, by violence or surprise, to commit a *felony* on either." Penal Code, § 70; *Thompson* v. *State*, supra. But to inflict a *grievous bodily harm* upon one may or may not amount to a *felony* as provided by the statute. The court correctly charged the jury as to the law of self-defense, and did not err in refusing to instruct the jury as requested. What has been said in reference to the charge above set out is equally applicable to the other requests to charge, which were based on the theory that "grievous bodily harm" is in law equivalent to a "felony."

4. When the case proceeded to trial in the court below, it was announced that it would be conducted by J. T. Colson, a lawyer employed to prosecute; and defendant's counsel asked the court to have the attorney regularly sworn as assistant prosecuting attorney. This the court declined to do, and error is assigned on such refusal. It does not appear that the solicitor-general of the circuit was not present aiding in the prosecution, or that the attorney who conducted the prosecution was not a sworn and practicing attorney at law of the circuit, or that his management of the case during the trial would otherwise be such as to unduly prejudice the defendant's rights before the court and jury. See section 805 of the Penal Code, as to when the presiding judge may appoint a competent attorney of the circuit to supply the place of the solicitor-general. It must be presumed, in the absence of anything to the contrary, that the court would permit only a competent attorney of the circuit to act, and that he would conduct the case for the State in a manner not to unduly prejudice the defendant's rights before the jury. It does not appear how the failure of the court to require the attorney to be specially sworn was prejudicial to the defendant; and we hold that a failure to do so was not error, inasmuch as there is no law requiring an attorney who assists in the prosecution to be sworn in this State.

5. Complaint is made that the court erred in permitting a witness for the State to testify that the defendant said to the witness, about a mile up the road from where the deceased was shot and killed, "Rufus, I killed your damned brother down yonder just now." I said, "For what?" and he said, "Nothing, you son of a bitch." We think this evidence is admissible as a confession. In the case of *Adams* v. *State*, 129 *Ga.* 248, 251 (58 S. E. 822, 17 L. R. A. (N. S.) 468, 12 Ann. Cas. 158), it was said: "If the evidence for the State makes out a prima facie case for the admission of such a confession, the court is not bound, before admitting it, to hear evidence on behalf of the accused, tending to show coercion or improper inducement in its procurement." So far as appears, this confession was freely and voluntarily made.

6. The 28th ground of the motion assigns error on the omission of the court to charge the jury on the subject of confessions, having admitted evidence on that subject. No request to so charge appears in the record, and there was evidence outside of the confession to

authorize the conviction. In the case of *Pierce* v. *State,* 132 *Ga.* 27 (63 S. E. 792), it was held: "Even if the evidence authorized a charge on the law of confessions, the failure to instruct the jury on that subject, in the absence of an appropriate written request so to do, was no cause for a new trial." See also *Malone* v. *State,* 77 *Ga.* 767; *Walker* v. *State,* 118 *Ga.* 34 (44 S. E. 850); *Patterson* v. *State,* 124 *Ga.* 408 (52 S. E. 534); *Nail* v. *State,* 125 *Ga.* 234 (54 S. E. 145).

7. Complaint is made in the 32d and 33d grounds of the motion for a new trial, because the court admitted certain evidence for the State, which was objected to by the defendant on the ground that it was immaterial, illegal, and irrelevant. The court then asked the State's counsel, "Do you expect to connect it up?" To which counsel replied that he did. The court then stated, "Unless you do it, it will be ruled out; it is irrelevant at this time." No motion was made later by the defendant's counsel to rule out or exclude this evidence, nor did the court on its own motion exclude it. In the case of *Cawthon* v. *State,* 119 *Ga.* 395 (7), 396 (46 S. E. 897), it was held: "Where the court, over objection, admits certain evidence, with the statement that the objection will be passed upon at a later stage of the trial, it is incumbent upon the objecting party, if the evidence be inadmissible, to direct the court's attention thereto either before or at the close of the testimony, and to move to exclude it; and upon his failure to do this he will be held to have waived his objection." To the same effect, see *Stone* v. *State,* 118 *Ga.* 705 (9), (45 S. E. 630, 98 Am. St. R. 145); *Sasser* v. *State,* 129 *Ga.* 541 (3), 545 (59 S. E. 255).

8. The 34th ground of the motion for a new trial makes complaint, "Because after the defendant had made his statement, and been cross-examined thereabout by the State, before leaving the stand, counsel for the defendant said to the court, 'I am going to ask the court's permission to put this question.' Counsel was here interrupted by J. T. Colson—conducting the examination for the State as assistant prosecuting attorney—as follows: 'If it please the court, we are going to object to any further examination of this defendant. We do not think it is fair to the defendant, as much as we object to it as being not fair to the State.' The court instantly stated, 'I think it has gone far enough,' and defendant's counsel was stopped then and thereby." It is insisted that the court

erred, because the defendant had submitted by his consent to cross-examination by the State, and, the State having elected to cross-examine, the examination of the defendant should be, under the law, conducted the same as that of other witnesses and subject to the same rules; and because, without knowing the question the defendant's counsel desired to ask and have answered, the court excluded further examination. It was said by Judge Bleckley, in delivering the opinion in the case of *Brown* v. *State,* 58 *Ga.* 212, 214-215: "In making his own statement to the court and jury, the prisoner is not under examination, and his counsel has no right to ask him questions. Doubtless the court might, at the prisoner's request, permit questions to be put to him, as matter of discretion." And see, to the same effect, *Echols* v. *State,* 109 *Ga.* 508 (34 S. E. 1038); *Walker* v. *State,* 116 *Ga.* 539 (42 S. E. 787, 67 L. R. A. 426). See also Penal Code, § 1036. There was no abuse of discretion in this case in refusing to allow counsel for the defendant to interrogate the latter while he was on the stand, after making his statement not under oath.

9. The 35th ground of the motion was not approved by the trial judge, and can not be considered.

10. The 40th assignment of error was, because "it had been shown that Buck Williams, deceased, was six feet in height, and it became material, under all the testimony as to the shot fired and its effect, to prove the height of defendant. Defendant offered his body in evidence to prove his height and size. J. T. Colson for the State objected, however, not stating the ground of objection, and the judge sustained the objection and refused to allow the proffered evidence, and therein erred." There is no merit in this contention. The defendant had been before the jury during the trial. It does not appear that the jury could not or did not see him, both standing and sitting. If his counsel desired to call attention to his size or height, it does not appear that he was prevented from doing so, or that he was prohibited from exhibiting himself before the jury, if it was competent to do so, or would illustrate any fact in the case; and the refusal to allow him to formally put the body of the defendant in evidence, as proof of his height and size, was not error and furnished no ground for a new trial.

11. Error is alleged because the court overruled the defendant's "ore tenus" demurrer to the indictment, on the ground that it did

not charge "that the weapon was a weapon likely to produce death." No exceptions pendente lite were approved and filed to this ruling of the court; and without deciding the merits of the question decided by the demurrer, under the ruling made in the case of *Hawkins* v. *Studdard*, 132 *Ga.* 265 (63 S. E. 852, 131 Am. St. R. 190), such a ruling can not be made the ground of a motion for a new trial. In such a case direct exceptions to the ruling complained of should be filed, if a review of it is to be had by this court.

12. None of the other grounds of the motion require the grant of a new trial. The evidence amply sustains the verdict.

*Judgment affirmed. All the Justices concur.*