## TAYLOR *v.* MEANS.

1. The wrongful and fraudulent taking and carrying away, by any person, of the personal goods of another, with intent to steal the same, is larceny, and punishable under the law, if the personal goods so taken have a money value. And though the value of the thing stolen may be as small as five cents (the alleged value of the article taken in the present case), a conviction for the larceny, or sentence under plea of guilty, will

not be held void, on the hearing under a writ of habeas corpus, because of the trivial value of the chattel stolen.

2. A plea of guilty by a minor between ten and fourteen years of age, when arraigned under an accusation charging the offense of larceny, is a sufficient basis for a judgment and sentence by a court having jurisdiction of the case, imposing the penalties provided by statute in such cases.   1 Bishop's Criminal Procedure, § 959e; 22 Cyc. 626 D.

3. A sentence imposed in accordance with the provisions of section 1271 of the Penal Code (which provides for sentencing minors convicted of misdemeanors to an industrial farm, or other similar reformatory institution, in counties containing a certain population) is not null and void, nor is the law embodied in that code section null and void on the ground that "the sentence and the law upon which the same is based is in conflict with that portion of the 14th amendment to the constitution of the United States, which declares: 'nor shall any State . . deny to any person within its jurisdiction the equal protection of the laws,' because it denies both to petitioner [the father of the minor who is seeking by habeas corpus to secure the release of his son, the minor referred to in the preceding headnote, from the custody of the Industrial Farm] and to the [minor] the equal protection of the laws, in that all other persons upon being convicted of a misdemeanor can only be sentenced to a term of imprisonment not exceeding twelve months at hard labor on the public works of the State and six months in the county jail; whereas the sentence complained of in the present case is for confinement for a term not exceeding eleven years on the Fulton County Industrial Farm."   The commitment to the industrial farm is not absolutely for eleven years, but during minority, and subject to parole or discharge before majority, if the minor shall have sufficiently reformed to justify such a step.

(a) The sentence in the present case is not one imposing punishment under the purely penal statutes of the State; the purpose of the sentence is not punishment alone, but restraint and correction under circumstances that shall tend to the mental and moral uplift of the child and the proper formation of his character.

(b) Where a minor under the age of sixteen years is convicted of a misdemeanor, in a county having over one hundred thousand population, the act of the legislature confers on the presiding judge a discretion to send him to the chain-gang or to the industrial farm.   But if he is sent to the industrial farm, or other similar institution, the legislature have declared that "such sentence shall be for and during the minority of such person, unless sooner discharged, with full power in the authorities having charge of such industrial farm, or similar institution, to sooner parole or discharge such person, if in their judgment he has sufficiently reformed to justify such discharge or parole, and such discharge or parole may be conditioned upon continued good behavior of such person during his minority, under such rules and regulations as such authorities may prescribe."   Penal Code, §§ 1270, 1271.   The courts were not given any discretion or authority, in counties having the population stated, to send such minor to the industrial farm for a less time than that above mentioned; or to discharge him before reaching majority, on a writ of habeas corpus.   The power to parole or

discharge such minor was vested by the statute in the authorities having charge of such institution. The act is not unconstitutional on the grounds of attack made upon it, as will appear in the next headnote and in headnote numbered 3 above.

(c) The confinement of a minor child in an institution such as an industrial farm duly established under the law, after the minor's conviction of a misdemeanor, or after plea of guilty, will not deprive the father of his property or the minor of his liberty without due process of law, inasmuch as the restraint and the confinement upon the industrial farm can only follow upon the conviction of the minor after a trial had in accordance with law or upon a plea of guilty to an indictment or accusation sufficiently charging a criminal offense.

4. The court did not err in remanding the minor, to secure whose release from custody the habeas corpus proceedings were instituted, to the custody of the respondent.

MARCH 1, 1913.

Habeas corpus. Before Judge Pendleton. Fulton superior court. May 25, 1912.

O. F. Taylor instituted habeas corpus proceedings against T. A. E. Means, charging that the defendant was illegally detaining petitioner's son Ollie Taylor, a youth about 13 years of age, and setting up that petitioner was entitled to the possession and services of his said minor son. The respondent answered that he was the superintendent of the Fulton County Industrial Farm, an institution provided by law, to which the judges of this State may sentence any minor convicted of a misdemeanor, which sentence shall be for and during the minority of such person so sentenced, and that Ollie Taylor had been convicted and sentenced to said Industrial Farm during his minority. A motion to dismiss the respondent's answer as not constituting any legal reason why the boy should not be returned to petitioner was overruled, and to that ruling petitioner duly excepted. Upon the hearing the following facts were made to appear: When a little more than ten years of age Ollie Taylor had pleaded guilty to an accusation charging him with an offense which amounted to a misdemeanor, to wit, the theft of a bottle of coca-cola, of the value of five cents. The order and conduct of the life of the boy while confined on the Industrial Farm was as follows: "Arise from 4:45 a. m. to 6 o'clock a. m.; eat breakfast from 6 to 7 a. m.; do chores from breakfast to 8:30; attend school from 8:30 to 11:30; dinner at 12 m.; play from dinner to 1:30; work at jobs suitable to his strength from 1:30 to 30 minutes before supper; supper anywhere from 4:30 to 6, owing to the season of the year; study from supper to 7:30 or 8

in winter, and in summer from 6:30 to 7:30; then to bed; bathe, work private garden, and play baseball Saturday afternoon; play house games Saturday nights; Sunday, rise as on any other day, breakfast, thence to Sunday school; exercise by drill or gymnastics; dinner; preaching in the afternoon and singing at night; discipline is military. Ollie Taylor has learned to read and write a passable letter since he has been an inmate of the Farm." Superintendent Means had allowed the boy to return to his home for a month's stay, and upon his taking the boy back to the farm the habeas corpus proceedings were instituted. The court below denied the writ of habeas corpus, and the petitioner excepted.

*W. H. Terrell*, for plaintiff. *L. Z. Rosser*, for defendant.

BECK, J. The important principle ruled in the third headnote is not elaborated here, but a most elaborate and exhaustive discussion of the doctrine involved in that ruling will be found in 1 Wharton on Criminal Law (11th ed.), § 370 et seq., and the numerous cases cited as authority for the text. Besides, this matter is elaborately treated in the copious extracts from the decisions of many courts contained in the note to the case In re John Sharp, 18 L. R. A. (N. S.) 886 (15 Idaho, 120, 96 Pac. 563).

*Judgment affirmed. All the Justices concur.*