## Duncan v. The State.

Beck, J. 1. Where a juror on his voir dire had so answered the statutory questions as prima facie to qualify himself, the court did not err in refusing to allow counsel for the defendant to propound other questions "to test his impartiality;" nor was it error for the judge to refuse himself to propound other questions to the juror for that purpose. *Dumas* v. *State,* 63 *Ga.* 601; *Simmons* v. *State,* 73 *Ga.* 609 (54 Am. R. 885); *Lindsay* v. *State,* 138 *Ga.* 818 (76 S. E. 369).

2. After putting the juror just referred to upon the court as a trior, the defendant submitted testimony for the purpose of showing that the juror was not impartial, but in this testimony there was no evidence tending to show that the juror had bias or prejudice or that he had expressed an opinion in regard to the case, or that he was not perfectly impartial between the State and the accused; and the court did not err in declaring the juror to be competent.

3. In the absence of written request it is not ground for a new trial that the court failed to charge on the subject of impeachment of witnesses.

4. It appearing that the defendant in his statement denied the shooting on the occasion of the homicide, and the testimony showing that the defendant, under circumstances which did not justify or mitigate the

offense, shot at and killed the decedent, or shot recklessly, wilfully, or wantonly into a crowd of persons in which the decedent was standing, and struck and killed her, or that without provocation he shot at another person and, missing the person shot at, struck and killed the decedent, the court properly refused to charge the jury on the subject of involuntary manslaughter or voluntary manslaughter.

5. The court did not err, after charging the jury in reference to their right to make a recommendation that the accused be imprisoned for life in case they should find him guilty, in adding that "this recommendation may be made by the jury if it sees fit for any reason that occurs to them." The language quoted did not tend to circumscribe or restrict the jury in the exercise of their right to recommend that the accused be imprisoned for life. *Inman* v. *State*, 72 *Ga.* 269.

6. The remaining exceptions to the charge were without merit, and the verdict was authorized by the evidence.

*Judgment affirmed. All the Justices concur.*

NOVEMBER 12, 1913.

Indictment for murder. Before Judge Mathews. Houston superior court. June 20, 1913.

*John R. Cooper* and *J. C. Smith,* for plaintiff in error.

*T. S. Felder, attorney-general,* and *John P. Ross, solicitor-general,* contra.