19838. WHITE *v.* THE STATE.

DECIDED AUGUST 23, 1929.

*W. H. Trawick,* for plaintiff in error.
*J. A. Wright, solicitor, E. S. Ault,* contra.

BROYLES, C. J. 1. The accused was charged with the offense of bastardy and was tried in Polk county. He filed a plea in abatement setting up that a similar charge for the same offense, involving the same transaction with the same female, was pending in the courts of Floyd county. It is well settled that the county to which the bastard is likely to become chargeable has jurisdiction of the case against the father, and not the county in which the child was begotten or born. *Williams* v. *State*, 67 *Ga.* 187. The undisputed evidence showed that the courts of Polk county, and not the courts of Floyd county, had jurisdiction of the case. As the courts of Floyd county were without power to pass upon any issues therein, the plea in abatement was wholly without merit and was properly dismissed. See, in this connection, *Dix* v. *Dix*, 132 *Ga.* 630 (3) (64 S. E. 790).

2. None of the special grounds of the motion for a new trial show cause for a reversal of the judgment. ·

3. The verdict was amply supported by the evidence. It is true that the justice of the peace who issued the warrant on the affidavit of the mother of the bastard child testified that he did not think he swore her when she signed the affidavit. However, the mother testified positively that when she signed the affidavit she held up her hand and was sworn by the justice. That issue of fact was settled by the verdict. The refusal to grant a new trial was not error.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*