### 23791. BROWN v. THE STATE.

SUBMITTED NOVEMBER 14, 1966—DECIDED FEBRUARY 9, 1967.

*H. Dale Thompson,* for appellant.

*W. W. Larsen, Jr., Solicitor General, Arthur K. Bolton, Attorney General, G. Ernest Tidwell, Executive Assistant Attorney General, Carter A. Setliff, Assistant Attorney General, Joel M. Feldman,* for appellee.

COOK, Justice. ■ The first assignment of error in the enumeration of errors is the denial of the motion for new trial, which was on the usual general grounds. The evidence authorized the verdict, and there is no merit in this assignment.

■ In Specification 2 of the enumeration of errors it is asserted that it was error not to charge on voluntary manslaughter. In Specification 7 error is assigned on the failure to charge voluntary manslaughter as related to mutual combat. In the brief of counsel for the appellant the argument in regard to

Specification 2 deals with voluntary manslaughter as related to mutual combat, and we will consider these two assignments of error together.

In *Johnson v. State,* 173 Ga. 734, 742 (2) (161 SE 590), mutual combat was defined as follows: "If upon a sudden quarrel the parties fight upon the spot, or presently agree and fetch or draw their weapons and fight, and one of them is killed, such killing is but voluntary manslaughter, no matter who strikes the first blow. Being suddenly aroused by anger, and mutually intending to fight, the law of mutual combat is involved. Such combat sufficiently appears where it is shown that there was a mutual intent by the accused and deceased to fight, and one or more shots were fired. It makes no difference who fires the first shot, nor is it necessary that both parties shoot."

In the present case there was evidence that both the appellant and the deceased were armed at the time of the homicide and that both were shot. There was no evidence of any quarrel, arousing anger, and exciting such passion as to exclude deliberation or malice. The State's evidence showed that the appellant came into the room where the deceased was sitting at a bar, with his back or side to the doorway through which the appellant entered, and the appellant shot the deceased two or three times before the deceased shot. Under this evidence the appellant was plainly guilty of murder.

In his statement the appellant asserted that: The deceased had shot him three times on a previous occasion, and subsequently had made threats to kill him. When the appellant went into the barroom, the deceased was looking over his shoulder at the appellant. The deceased reached into his pocket for his gun, and then whirled around and started shooting. Under this version of the homicide, the shooting by the appellant was in self-defense, and justifiable.

There was no evidence tending to show mutual combat, and it was not error for the judge to fail to charge on voluntary manslaughter as related to mutual combat. *Brannon v. State,* 188 Ga. 15 (2 SE2d 654); *Cone v. State,* 193 Ga. 420, 426 (18 SE2d 850); *Mathis v. State,* 196 Ga. 288 (26 SE2d 606).

■ Assignments 8 and 9 in the enumeration of errors assert

that the trial judge charged *Code* §§ 26-1011, 26-1012, and 26-1014 in such manner as to confuse the jury, and erred in failing to charge that § 26-1014 should be applied only in the event the jury should find from the evidence that the appellant and the deceased were engaged in mutual combat.

The judge did not charge the first part of *Code* § 26-1007, defining voluntary manslaughter, but charged the latter part of that section. He then charged the principle from *Code* § 26-1012, that "a bare fear of these offenses to prevent which the homicide is alleged to have been committed would not be sufficient to justify the killing." Immediately following this sentence he charged the principle from *Code* § 26-1011, as follows: "Now justifiable homicide is the killing of a human being by commandment of the law in the execution of public justice, by permission of the law in the advancement of public justice, in self-defense, or in defense of person against one who manifestly intends or endeavors by violence or surprise to commit a felony upon him." Without any explanation of its application only to cases of mutual combat, he then charged the exact language of *Code* § 26-1014, as follows: "If a person shall kill another in his defense, it must appear that the danger was so urgent and pressing at the time of the killing, that, in order to save his own life, the killing of the other was absolutely necessary; and it must appear, also, that the person killed was the assailant, or that the slayer had really and in good faith endeavored to decline any further struggle before the mortal blow was given."

*Code* § 26-1014 applies only in cases of mutual combat, and this court has repeatedly held that it is error to charge such section where mutual combat is not involved under the evidence or the defendant's statement, since this section contains a harsher rule than the one found in § 26-1011. *Jordan v. State,* 117 Ga. 405 (43 SE 747); *Bivins v. State,* 200 Ga. 729 (2) (38 SE2d 273); *Dye v. State,* 218 Ga. 330 (1) (127 SE2d 674).

Even in those cases where the evidence tends to show mutual combat, it is error to charge §§ 26-1011, 26-1012, and 26-1014 together without explaining that § 26-1014 applies only if the jury finds that the parties engaged in mutual combat.

*Hall v. State,* 133 Ga. 177 (3) (65 SE 400); *Franklin v. State,* 146 Ga. 40 (90 SE 480); *White v. State,* 147 Ga. 377 (5) (94 SE 222); *Surles v. State,* 148 Ga. 537 (7) (97 SE 538); *Kelly v. State,* 204 Ga. 239 (2) (49 SE2d 489).

■ In Assignment 10 it is asserted that the judge erred in charging: "A slayer can not avoid responsibility of guilt by the mere apprehension of danger. The danger must be so urgent and pressing at the time that he must decide the question with reference to his accountability to the law at the time, and by the exercise of the same mental and moral faculties which he employed to shoot." It is contended that this charge "restricted the consideration of the jury in this matter and did not leave the standard of the conduct of a reasonable man for the determination of the jury from their own observation and their common knowledge and experience."

This was not a correct charge. The law does not judge the responsibility of guilt by the fears of the particular person accused, but by the fears of the hypothetical "reasonable man." *Code* § 26-1012; *Teal v. State,* 22 Ga. 75 (3) (68 AD 482); *Golden v. State,* 25 Ga. 527 (7); *Anderson v. State,* 117 Ga. 255, 257 (43 SE 835); *Vincent v. State,* 153 Ga. 278 (10) (112 SE 120); *Fudge v. State,* 190 Ga. 340 (4) (9 SE2d 259); *Bivins v. State,* 200 Ga. 729 (1), supra.

■ The sixth assignment of error is that: "The court erred in charging the jury on malice and especially in charging on when malice would be implied and in not charging the law correctly in regard to malice." It is contended in the brief of counsel for the appellant that the charge on malice in the present case is inconsistent with the law as enunciated by this court in *Smithey v. State,* 219 Ga. 247 (132 SE2d 666). In the *Smithey* case this court held that the charge on malice was subject to attack because the judge "should have stated that if the State's evidence showing the killing in the manner charged or an admission of the defendant so showing did not also show circumstances of justification or mitigation then, and only then, would malice be presumed. . ." In the present case instructions in regard to circumstances of justification or mitiga-

■

tion were not omitted from the charge on malice, and the assignment of error is without merit.

■ In Assignment 11 error is asserted because "the charge as given by the court was argumentative and overlooked certain of the evidence." It is argued in the brief of counsel for the appellant that the court charged that manslaughter was not involved, but charged *Code* § 26-1014 which applies only to voluntary manslaughter as related to mutual combat. This contention has been dealt with in Divisions 2 and 3 of the opinion.

■ The third assignment of error asserts that "the court erred in excusing those jurors, . . . otherwise qualified to serve, for the sole reason that they were conscientiously opposed to capital punishment." This court has repeatedly held that a person who has conscientious scruples against the infliction of capital punishment is not competent to serve as a juror in a capital case. See *Massey v. State,* 222 Ga. 143, 150 (149 SE2d 118).

■ The fourth assignment of error contends that it was error to refuse to sustain the appellant's plea of former jeopardy. The appellant's counsel made an oral plea of former jeopardy on the ground that in the previous trial of the case a mistrial had been granted on motion of counsel for the appellant, because of improper conduct on the part of the solicitor general. The trial judge overruled the plea because it was not submitted in writing, and because there was no merit in the plea; and we affirm this ruling. *Code* § 27-1501; *Hall v. State,* 103 Ga. 403 (29 SE 915); *Nixon v. State,* 121 Ga. 144, 145 (3) (48 SE 966).

■ The fifth assignment of error is that "the court erred in refusing to furnish to the defendant, before the trial of the case, the transcript of abstract of evidence adduced at a purported commitment hearing held for this defendant."

If a person is charged with a felony, it is the duty of a committal court to cause an abstract of the evidence to be made and returned to the superior court. *Code* § 27-405, as amended by Ga. L. 1962, pp. 453, 454; *Code* § 27-406. The provisions of §§ 27-405 and 27-406 are for the benefit of the State as well as the accused. *Harris v. Norris,* 188 Ga. 610, 612 (4 SE2d 840).

There is no provision of our law for furnishing this abstract of evidence to the accused.

*Judgment reversed.  All the Justices concur.*