23981. CHATTERTON v. DUTTON, Warden.

ARGUED MARCH 13, 1967—DECIDED MARCH 23, 1967.

*J. Donald Bennett, D. L. Lomenick,* for appellant.

*Earl Self, Solicitor General, Bobby Lee Cook, Arthur K. Bolton, Attorney General, G. Ernest Tidwell, Executive Assistant Attorney General, Carter A. Setliff, Assistant Attorney General,* for appellee.

ALMAND, Presiding Justice. Roy Dale Chatterton was found guilty of murder by a jury in Chattooga Superior Court on January 23, 1965, and sentenced to death. The order overruling his motion for a new trial was affirmed by this court on October 7, 1965. *Chatterton v. State*, 221 Ga. 424 (144 SE2d 726). The Supreme Court of the United States refused to review the case (384 U. S. 1015). On October 24, 1966, Chatterton was again sentenced to death, and on November 9, 1966, he filed his petition for writ of habeas corpus in the City Court of Reidsville asserting he was being illegally restrained of his liberty by the Warden of the Georgia State Prison. Respondent's answer maintained that petitioner was in his custody by virtue of the sentence imposed on October 24, 1966. After a hearing the petition was dismissed, and petitioner was returned to the custody of the respondent.

*Code Ann.* § 26-1005 (Ga. L. 1963, p. 122) provides as follows: "The punishment for persons convicted of murder shall be death, but may be confinement in the penitentiary for life in the following cases: If the jury trying the case shall so recommend, or if the conviction is founded solely on circumstantial testimony, the presiding judge may sentence to confinement in the penitentiary for life. In the former case it is not discretionary with the judge; in the latter it is. When it is shown that a person convicted of murder had not reached his 17th birthday at the time of the commission of the offense, the punishment of such person shall not be death but shall be imprisonment for life.

"Whenever a jury, in a capital case of homicide, shall find a verdict of guilty, with a recommendation of mercy, instead of a recommendation of imprisonment for life, in cases where by law the jury may make such recommendation, such verdict shall be held to mean imprisonment for life. If, in any capital case of homicide, the jury shall make any recommendation, where not authorized by law to make a recommendation of imprisonment for life, the verdict shall be construed as if made without any recommendation." The sole contention in the present case is that this statute is unconstitutional and void because: "(a) Said statute is in derogation of the Fourteenth Amendment in

that it denies persons within the jurisdiction of the State of Georgia, equal protection of the laws in that it gives to the jury an unlimited arbitrary power to recommend as it chooses without regard to any facts or circumstances and permits a jury, in one case, to recommend mercy and, in another case, factually identical, to refuse to recommend mercy. The life of one is spared while the life of the other is forfeited in identical situations. (b) Said statute is in derogation of the Fourteenth Amendment in that it permits a deprivation of life without due process of law since, as interpreted by the Supreme Court of Georgia, it empowers the jury to depart from its single duty of returning a verdict based on the evidence."

The guaranty of equal protection of the laws requires that all persons shall be treated alike under like circumstances and conditions, both in privileges conferred and in liabilities imposed. Lowe v. Kansas, 163 U. S. 81 (16 SC 1031, 41 LE 78). See also *Sims v. State,* 221 Ga. 190 (3) (144 SE2d 103) ; *Arthur v. State,* 146 Ga. 827 (92 SE 637) ; and *Taylor v. Means,* 139 Ga. 578 (77 SE 373). The statute which permits the jury on finding a defendant guilty of murder to recommend or not to recommend mercy applies to all persons alike under like circumstances and does not offend the equal protection clause of the Fourteenth Amendment. Further, the statute does not violate the due process clause of the Fourteenth Amendment of the Federal Constitution. "The requirements of the Fourteenth Amendment are satisfied if trial is had according to the settled course of judicial procedure obtaining in the particular State, and the laws operate on all persons alike and do not subject the individual to the arbitrary exercise of the powers of government." Minder v. Georgia, 183 U. S. 559, 562 (22 SC 224, 46 LE 328). "When a citizen is accorded a trial in a court of justice according to the modes of procedure applicable to all cases of a similar kind, it can not be said that he has been denied 'due process of law.' " *Arthur v. State,* 146 Ga. 827 (1), supra.

A New Jersey statute providing that every person convicted of first-degree murder shall suffer death unless the jury shall recommend life imprisonment was held not to offend due process

246

or equal protection under the Fourteenth Amendment because the statute provided no standard to guide the jury in determining penalty and did not give the jury the benefit of an investigation. In Re Ernst's Petition, 294 F2d 556 (3d Cir.), cert. denied, 368 U. S. 917. See also to the same effect Skaug v. Sheehy, 157 F2d 714 (9th Cir.).

It was not error to dismiss the petition and remand petitioner to the custody of the respondent.

*Judgment affirmed. All the Justices concur. Duckworth, C. J., concurs specially.*

DUCKWORTH, Chief Justice, concurring specially. For the reasons set out in *Wyatt v. State,* 220 Ga. 867 (142 SE2d 810), I concur in the judgment.