## 25517.  CUMMINGS v. THE STATE.

ARGUED NOVEMBER 12, 1969—DECIDED JANUARY 8, 1970— REHEARING DENIED JANUARY 26, 1970.

*Hester & Hester, Frank B. Hester, Richard M. Hester,* for appellant.

*Lewis R. Slaton, District Attorney, Tony H. Hight, J. Melvin England, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, William R. Childers, Jr., Assistant Attorneys General,* for appellee.

ALMAND, Chief Justice. George Cummings was indicted for the murder of Anderson Shaw by shooting him with a pistol. The murder occurred on October 7, 1968. He was tried April 9, 1969, found guilty and sentenced to death. He moved for a new trial on the general grounds and five special grounds. His appeal is from the denial of this motion.

■ Enumerated error 4 asserts that the court erred in overruling appellant's written demand that the district attorney be required to produce: (a) copies of all reports made by investigating officers of the Atlanta Police Department and members of the district attorney's staff which were pertinent to the case; (b) a list of all witnesses who appeared before the grand jury, or who will or may appear in the trial of the case along with copies of the fingerprint records of the witnesses; (c) a copy of the transcript of the testimony delivered before the grand jury; and (d) a copy of the transcript of the evidence taken in the hearing by the court of inquiry. These requests were made pursuant to *Code* § 27-406.

It is alleged that this denial violated the appellant's right to due process of law as guaranteed by the Federal and State Constitutions.

Under prior decisions of this court, it was not error to deny the request for the production of the alleged documents. *Williams v. State,* 222 Ga. 208 (2) (149 SE2d 449); *Walker v. State,* 215 Ga. 128 (5) (109 SE2d 748); *Blevins v. State,* 220 Ga. 720 (2) (141 SE2d 426); *Brown v. State,* 223 Ga. 76 (9) (153 SE2d 709).

■ Enumeration of error 5 asserts that the court erred in denying the appellant's motion to question each juror individually concerning the truth or untruth of his opposition to capital punishment which was expressed in answer to the question propounded by the State, "Are you conscientiously opposed to capital punishment?" as provided for by *Code* §§ 59-806, 59-807.

It is argued that appellant was thus denied his constitutional right to due process of law, and his right to a fair trial, both being rights which are guaranteed to him by stated provisions of the Federal and State Constitutions.

Code § 59-806 (Ga. L. 1855-56, p. 231) provides that in a trial for a felony, any juror may be put upon his voir dire, and four questions shall be propounded to him. The subsection dealing with the fourth such question is stated as follows: " 'Are you conscientiously opposed to capital punishment?' If he shall answer this question in the negative, he shall be held a competent juror: Provided, nevertheless, that either the State or the defendant shall have the right to introduce evidence before the judge to show that the answers, or any of them, are untrue; and it shall be the duty of the judge to determine upon the truth of such answers as may be thus questioned before the court."

The record discloses that while the district attorney was in the process of qualifying the jury and asked the question as to whether or not any members of the jury panel were conscientiously opposed to capital punishment, counsel for the appellant asserted his right to cross examine each juror who answered in the affirmative as to whether he was conscientiously opposed to capital punishment. Appellant's counsel further requested the court for permission to ask the two additional questions allowed under Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776). Whisman v. State, 224 Ga. 793 (164 SE2d 719). The court ruled that counsel for the appellant could not further examine the jurors.

The challenge to the qualifications of the jurors made here was to the poll, for cause. Such challenges are to be tried by the court on the testimony of the juror to the exclusion of all other evidence. If the juror's answer is found to be true, he is disqualified per se. Turner v. State, 114 Ga. 421 (2) (40 SE 308); Code § 59-807 (Ga. L. 1855-56, p. 231).

However, counsel for the appellant contends that under Code § 59-806 (4) which provides: "Provided nevertheless, that either the State or the defendant shall have the right to introduce evidence before the judge to show that the answers, or any

of them, are untrue, and it shall be the duty of the judge to determine upon the truth of such answers as may be thus questioned before the court," that he had the right to cross-examine each juror.

Code § 59-806 (4) is a codification of Ga. Laws 1855-56, p. 231. This court in *Pines v. State*, 21 Ga. 227, 237, said, concerning the application of this section: "It is true that the further statements of the juror himself might be called 'evidence,' in the language of the statute. But why limit the questions to four if twenty may be asked? And then the words of the Act are, 'shall have the right to *introduce evidence*," rather intimating that the proof is to come from some other source than the juror himself. We would not say that the court might not sua sponte further interrogate the juror. We only intend to negative the right of the party to do this." This ruling was followed in *Lindsay v. State*, 138 Ga. 818 (1) (76 SE 369); *Duncan v. State*, 141 Ga. 4 (1) (80 SE 317); *Cady v. State*, 198 Ga. 99 (1) (31 SE2d 38). It was not error for the court to deny the request of counsel to further examine the jurors concerning their answers on voir dire.

■ Enumeration of error 6 asserts that the court erred in admitting into evidence, over objection, State's exhibit 14 (a test .22 caliber projectile). Appellant further argued that this exhibit, along with State's exhibit 13 (a .22 caliber pistol from which the fatal projectile was fired) should not have been admitted into evidence because they were not connected with the defendant in any way.

Kelly Fite, a technician in the Georgia State Crime Laboratory, testified without objection that State's exhibit 13 (a .22 caliber pistol), State's exhibit 12 (a bullet taken from the body of the victim), and State's exhibit 14 (a .22 caliber test bullet) were examined by him. He testified that the test bullet (State's exhibit 14), was fired from State's exhibit 13 (the .22 caliber pistol in question). He further testified that, in his opinion, the bullet which killed Anderson Shaw was fired from State's exhibit 13. Counsel for appellant cross examined the witness concerning these matters.

It was not error to admit the exhibits complained of, since

■

substantially the same evidence was admitted without objection. *Massey v. State,* 220 Ga. 883 (4) (142 SE2d 832); *Whippler v. State,* 218 Ga. 198 (7) (126 SE2d 744).

The appellant, in his statement, admitted firing a pistol at the time and place in question. There was no evidence of any other pistol shots being fired at the moment of the murder. Though there was no direct evidence that State's exhibit 13 was the pistol which fired the fatal shot, the jury was authorized to find, from the direct and circumstantial evidence, that the bullet which caused the victim's death was fired by the appellant.

■ Enumeration of error 7 contends that the court erred in denying appellant's motion for mistrial. Appellant urges that the motion should have been granted because of allegedly improper statements made during the argument by the assistant district attorney.

The record discloses that after the case had been submitted to the jury, appellant's counsel moved for a mistrial on the ground that in his argument to the jury, counsel for the State urged the jury to set the penalty at death because of the impact which it would have on the community in which the appellant lived. Counsel for the State withdrew the remark and requested the court to instruct the jury to disregard it. The jury was then instructed that such argument was improper and should be entirely disregarded.

Under these circumstances, it was not error to deny the motion for a mistrial.

■ Enumeration of error 8 contends that it was error for the court to submit to one and the same jury the issues of whether or not the appellant was guilty, and, if so, what punishment should be set. It is argued that the use of the same jury to perform both of these functions denies the appellant due process of law and an impartial trial, both of which are guaranteed to him by stated provisions of the State and Federal Constitutions.

Under the provisions of *Code Ann.* § 26-1005 (Ga. L. 1963, p. 122), which was in effect at the time of the trial of this case, it was not error for the court to submit both questions to the jury.

This court held in *Chatterton v. Dutton,* 223 Ga. 243 (154 SE2d 213) that the Code section in question violates neither the due process nor the equal protection clauses of the Fourteenth Amendment to the United States Constitution.

The question of whether or not this practice is a violation of rights guaranteed under the Fourteenth Amendment is now pending before the United States Supreme Court. See Maxwell v. Bishop, 385 U. S. 650 (87 SC 768, 17 LE2d 671). Nevertheless, in Spencer v. Texas, 385 U. S. 554, 568 (87 SC 648, 17 LE2d 606) that court said: "Two-part jury trials are rare in our jurisprudence; they have never been compelled by this court as a matter of· constitutional law, or even as a matter of federal procedure." Also, in a footnote to the opinion of Giaccio v. Pennsylvania, 382 U. S. 399, 405 (86 SC 518, 15 LE2d 447), it was said: "We intend to cast no doubt whatever on the constitutionality of the settled practice of many States to leave to juries finding defendants guilty of a crime the power to fix punishment within legally prescribed limits." This statement supports the conclusion arrived at in the opinion of *Chatterton v. Dutton,* supra.

We have carefully reviewed the evidence. It supports the verdict.

*Judgment affirmed. All the Justices concur, except Felton, J., who dissents.*

FELTON, Justice, dissenting. I dissent from the judgment and the ruling in Division 4 of the opinion. *Code* § 81-1009 provides that upon objection made, the court shall also rebuke counsel. We are bound by the Code and are not at liberty to dispense with a rebuke. A rebuke is a separate requirement and contemplates a direct communication to the attorney and does not mean an indirect and circuitous indication of disapproval. This court has been refusing to follow this Code section. Until it is repealed or declared unconstitutional I think we have to follow it in preference to full bench decisions of this court. In the event of a conflict between a statute and a court decision, the courts are bound by the statute. *Huguley v. Huguley,* 204 Ga. 692 (51 SE2d 445); *Stevens v. Wright Contr. Co.,* 92 Ga. App. 373, 383 (88 SE2d 511); *Stein Steel*

&c. Co. v. Tate, 94 Ga. App. 517 (1) (95 SE2d 437); Byington v. State, 106 Ga. App. 247, 249 (126 SE2d 698); Ledford v. State, 107 Ga. App. 244, 248 (129 SE2d 555); Dockery v. Parks, 117 Ga. App. 589, 590 (161 SE2d 406); Lester v. Foster, 207 Ga. 596 (63 SE2d 402); Nuckolls v. Merritt, 216 Ga. 35 (114 SE2d 427).

Under the facts of this case a rebuke is especially required. If the Code section is not enforced, an attorney in any case may make an improper remark, voluntarily withdraw it, and have his conduct erased by a mere instruction to the jury to disregard the remark. Any other rule than provided by this Code section would allow attorneys to play fast and loose with the court and the rights of defendants.