### 45566.   ELLER v. WALKER.

QUILLIAN, Judge. The plaintiff filed suit against the defendant for the alleged wrongful death of her husband. The jury returned a verdict in favor of the plaintiff and the defendant appealed and the case is here for review.

The appellant contends the trial judge erred in failing to grant his motion for a mistrial. During his argument to the jury counsel for the plaintiff made the following statement: "[A]nd I might add that your attention to the evidence and to the charge of the court will determine in a large part and a large way how Mrs. Walker's life will be from here on out, but what you award her will be the only thing she will get from the death of her husband to support herself and her two children."

Defendant's counsel made a motion for a mistrial. The trial judge overruled the motion and instructed the jury: "Gentlemen of the jury, you shall disregard any statement made by counsel for the plaintiff as to any subject matter in reference to the needs of the plaintiff or her children, if, in fact, this is the way you understood that statement to be. The proper measure of damages, not that particular measure of damages in this case, the proper measure of damages in this case is the life of the decedent, and any other reference to any other damages would be disregarded by you, if, in fact, this is the way you interpreted that sentence made by plaintiff's attorney."

The defendant contends the judge's instructions were not sufficient to comply with the requirements of *Code* § 81-1009. While it is true the trial judge did not specifically rebuke plaintiff's counsel, the instructions were tantamount to a rebuke and plaintiff's counsel's remarks were of such a nature that they were subject to correction by the trial judge so as to remove any

harmful effect. *Newton v. Cohen-Walker-Bailie, Inc.,* 111 Ga. App. 753 (143 SE2d 14).

In *Cummings v. State,* 226 Ga. 46 (4) (172 SE2d 395), the Supreme Court held it was not error to deny the motion for a mistrial where the trial judge instructed the jury to disregard the remarks but did not expressly rebuke counsel.

The defendant also argues that the judge's instructions did not sufficiently direct the jury to disregard the remarks made by counsel for the plaintiff. Considered as a whole the judge's instructions were sufficient to inform the jury as to the proper method of determining the correct measure of damages.

*Judgment affirmed. Bell, C. J., and Whitman, J., concur.* ARGUED SEPTEMBER 8, 1970—DECIDED NOVEMBER 23, 1970.

*Greer & Murray, Richard G. Greer, William P. Tapp,* for appellant.

*Lewis, Lewis, Spearman & Bynum, T. J. Lewis, Jr.,* for appellee.