## 47251. DEAN v. THE STATE.

DEEN, Judge. 1. The defendant, convicted of bastardy, enumerates error on instructions of the court that the probability of the child becoming dependent on the county or on another for support is not involved, nor are the cause and circumstances regarding the conception material to the issue. "The question of the probability of the child becoming chargeable to the county is not involved in the trial of an indictment for bastardy. Two questions are involved: whether the defendant is the father of the bastard; and whether he refused to give bond in terms of law—that is, in the manner pointed out by law—when called on to do so." *Kennedy v. State,* 9 Ga. App. 219 (3) (70 SE 986), and see *Watts v. State,* 12 Ga. App. 350, 353

(77 SE 206), and *Jones v. State,* 11 Ga. App. 760 (3) (76 SE 72). The seventh and eighth enumerations of error are without merit.

2. Where the court charged that the burden is on the State to prove two essential things beyond a reasonable doubt, naming them as above stated, it is not error not to repeat "beyond a reasonable doubt" in each instance, as this is the obvious intendment of the instruction.

3. The court charged: "Now, such procedure shall be in the county in which the woman who is pregnant with child resides, or in the county in which child resides if already born, and the determination of the county is as of the time the warrant is issued insofar as residence is concerned." It is true that jurisdiction is decided on the basis, not of the county where the child is conceived or born, but the county to which it is likely to become chargeable, under the authority of *Williams v. State,* 67 Ga. 187, *Davis v. State,* 58 Ga. 170, *White v. State,* 40 Ga. App. 264 (149 SE 304) and like cases, all of which hold that venue may be laid, after the birth of the child, in the county in which it resides. In all of these cases residence was determined as of the date of swearing out the warrant. The warrant in the present case was sworn out in Clarke County, the county in which the pregnant mother resided at the time, and, venue having once attached, the fact that she moved to another county to live with her parents after the birth of the child would not operate to deprive the State Court of Clarke County of jurisdiction once it had attached. The fifth enumeration of error is without merit.

4. It is for the court and not for counsel to instruct the jury on matters of law. It was accordingly improper for the court, when he agreed with the solicitor that counsel for the defendant had misstated what the law was, to allow the solicitor to state to the jury what he thought the court would in fact instruct them was the law. However, the objection to this procedure was that it gave the solicitor the right to make a concluding argument after the

defendant had finished. In this case the defendant introduced no evidence and was therefore entitled to open and conclude. *Code* § 27-2201. The fact that he made an unsworn statement did not lose him this right. *Farrow v. State*, 48 Ga. 30. But, while this procedure on the part of the trial court is unsanctioned it did not amount to giving the State the concluding argument, since the court offered the right to make a further concluding argument to counsel for the defendant, and counsel, refusing to do so, merely moved for a mistrial. It was not error to overrule this motion for any reason assigned.

5. Motion for mistrial was also made by defendant's counsel when the prosecutrix, referring to the defendant's father, said: "Mr. Dean offered me a settlement for. . . " at which point she was interrupted. This was obviously inadmissible and the only question before us is whether the court's action in ruling out the testimony and charging the jury very emphatically that the answer, whatever it would have been, was unresponsive, irrelevant to the issues, and should be erased completely from the jury's mind, that "if there were a settlement you wouldn't be here today," and a discussion of the possibility of settlement would be no indication at all of the guilt of the accused—whether all of these instructions would be sufficient to correct the error. The judge did all that was humanly possible; unless this is one of those flagrantly prejudicial statements which no amount of exhortation can correct, the judge did not abuse his discretion in the matter. "Motions of this character are addressed to the discretion of the trial judge; and, unless it can be shown that such discretion has been abused and some positive injury done by the occurrence complained of, the discretion of the trial judge will not be controlled." *Avery v. State*, 209 Ga. 116, 128 (70 SE2d 716); *Cummings v. State*, 226 Ga. 46 (4) (172 SE2d 395). The incident followed questioning in which the witness stated without objection that the defendant had proposed she get an abortion, but that she refused. The next question was:

"Other than that, he hasn't offered you anything?" followed by a negative rejoinder. Under all the circumstances we find no abuse of discretion in the ruling and cautionary instructions given.

6. The evidence was sufficient to support the verdict.

*Judgment affirmed. Eberhardt, P. J., and Clark, J., concur.*

SUBMITTED MAY 24, 1972—DECIDED JUNE 16, 1972—
REHEARING DENIED JULY 10, 1972.

*Guy B. Scott, Jr.,* for appellant.
*Ken Stula, Solicitor,* for appellee.