## 51404. TERRELL v. THE STATE.

WEBB, Judge.

Henry C. Terrell was indicted and convicted for possessing heroin. The only issue on appeal which we find necessary to consider is adequately set forth in special ground 4 of the amended motion for new trial: "The trial judge erred in denying the motion for continuance, a written copy of said motion of which was duly tendered to the assistant district attorney, Hobart Hind, and the Honorable Judge Asa D. Kelley on the morning prior to trial and is duly recorded on record in the Office of the Clerk of Superior Court of Dougherty County, Georgia. Said motion for continuance was made on or about 9:00 a.m. on the 28th day of May, 1975, primarily on the basis that defense counsel had not received a copy of the transcript of the committal hearing after having specifically requested one from the court reporter, Ms. Inez Thomas, immediately after the committal hearing on May 9, 1975. On the 28th day of May, 1975, the defense counsel, at approximately 9:30 a.m., contacted the office of Ms. Inez Thomas and was advised that it would be ready shortly before 12:00 noon. Defense counsel did, in fact, receive a copy of the committal hearing shortly prior to 12:00 noon on the 28th day of May, 1975, and the trial began at 1:30 p.m. Defendant's counsel did not have adequate time to thoroughly review the transcript of said committal hearing; and therefore, could not effectively prepare and present his defense for defendant, and that the request of a minimum of two (2) days for a continuance

was not unreasonable; and therefore, the refusal of this continuance resulted in prejudicial error to the defendant; and therefore, he is entitled to a new trial in said case."

The state resists this ground by urging, under the authority of *Brown v. State,* 223 Ga. 76 (9) (153 SE2d 709), that the transcript need not have been furnished to the accused at all. Accord, *Cummings v. State,* 226 Ga. 46, 47 (1) (172 SE2d 395). See also *Miller v. State,* 224 Ga. 627 (1b) (163 SE2d 730). While these cases do hold that there is no duty to furnish the accused with the transcript of the commitment hearing, it should be noted that they were decided prior to *State v. Houston,* 234 Ga. 721, 724 (218 SE2d 13), in which our Supreme Court held for the first time that the commitment hearing is a critical stage of the proceedings to which the ruling in Coleman v. Alabama, 399 U. S. 1 (90 SC 1999, 26 LE2d 387) is applicable. See *Davis v. State,* 136 Ga. App. 749 and cits. It therefore seems open to question whether the rulings in *Brown* and *Cummings* are still viable.

But in any event, regardless of whether or not there was any duty to furnish the transcript, here it was, in fact, furnished at the usual lunch hour approximately 1-1/2 hours prior to trial; and the question is whether the able trial judge abused his discretion in not delaying the trial for two days (as requested in the written motion) or until the following morning (as requested in an oral motion at the beginning of trial) in order to allow counsel time to review it adequately.

In our view the trial court should have allowed a reasonable time for review. As pointed out in Coleman v. Alabama, 399 U. S. 1, supra, some of the purposes of the commitment hearing are to fashion an impeachment tool for use in cross examination of the state's witnesses at trial and to discover the state's case against the accused, making possible the preparation of a proper defense to meet that case. We fail to see how these purposes can be served if counsel is not allowed adequate time to review the transcript and prepare the defense. Moreover, in this case it appears that counsel wished to make a written motion to suppress evidence based upon the transcript but was unable to do so because of the lack of time. Consequently, counsel was placed in the position of

having to rely upon an inadequately prepared oral motion, while the law requires the motion to be made in writing stating the facts to show wherein the search and seizure were unlawful. *Graves v. State,* 135 Ga. App. 921.

We reverse the judgment and remand for a new trial with direction that the accused be allowed to file a written motion to suppress evidence after receipt of the remittitur in the trial court.

*Judgment reversed with direction. Bell, C. J., and Marshall, J., concur.*

ARGUED NOVEMBER 3, 1975 — DECIDED NOVEMBER 18, 1975 — REHEARING DENIED DECEMBER 3, 1975 —

*Robert M. Margeson, III,* for appellant.

*William S. Lee, District Attorney, Dan MacDougald, III, Assistant District Attorney,* for appellee.